Patricia Kirtley Wells (#013905)
Kirtley Wells Law Office
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 264-7424
E-Mail: tk@kwlolaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charmaine Melton,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ulta Salon, Cosmetics & Fragrance, Inc.'<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

　　　　Plaintiff Charmaine Melton ("Melton" or "Plaintiff") for her complaint against defendant alleges as follows:

　　　　1.　　This Court has jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343 and 1345 to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

　　　　2.　　The action is brought pursuant to 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. §§ 2000e et seq. (Title VII) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

　　　　3.　　Venue is proper in this Court because the practices complained of occurred in the District of Arizona and defendant can be found in the District of Arizona.

　　　　4.

**PARTIES**

5. Plaintiff, at all relevant times, was a resident of Maricopa County, Arizona.

6. Upon information and belief, at all relevant times to this action, Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta" or "Defendant") was a foreign for-profit business/corporation conducting business in the State of Arizona.'

7. Defendant employed more than 500 employees each working day during each of 20 or more calendar work weeks in 2018, 2019, 2020 and 2021.

8. Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and/or Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) including discrimination against Plaintiff on the basis of her race and retaliation for her opposition. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and because she opposed unlawful employment

9. More than one hundred and eighty days (180) days prior to the institution of this lawsuit, Melton filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging Ulta discriminated against her because of her race, African American and retaliated against her because she opposed Defendant's unlawful discriminatory conduct.

10. All conditions precedent to the institution of this lawsuit has been fulfilled and this matter is timely filed.

## GENERAL ALLEGATIONS

11. In or around December 2017, Defendant hired Melton, an African American, as a Master Designer to work at its store in Surprise, Arizona. At the time she was hired Melton had approximately twenty (20) years' experience styling hair. As a Master Designer Melton's responsibilities included consulting with customers regarding their hair styling needs, recommending professional hair care services and products and assisting in store duties while meeting Ulta's standards, policies and procedures.

12. Melton was the only African American stylist at the Surprise location.

13. Throughout her employment at Ulta, Melton was subjected to a hostile work environment consisting of harassment and discriminatory treatment on the basis of her race, African American.

14. The discrimination and hostile work environment included but was not limited to Melton being required to work while on break when non-African American employees were not so required to work, being booked for lower cost services as opposed to the higher cost chemical services and hair styles which resulted in her earning lower commissions. Specifically, Melton was often scheduled to work on services that paid lower commissions and the higher commissioned services were assigned to Melton's non-African American co-workers.

15. Melton was consistently scheduled to work fewer hours than her non-African American co-workers which significantly affected her compensation.

16. Melton reported the discriminatory conduct on several occasions to her manager(s) and/or supervisors. The discriminatory treatment did not stop after her reports of discrimination. Instead she suffered retaliation because she opposed discrimination.

17. The retaliation included amongst other things increased scrutiny of Melton in various activities such when she made purchases, assigning customers who requested Melton, to receive services from other stylist depriving Melton of compensation, not allowing Melton to leave early when she requested while non-African American employees were allowed to leave early, assigning Melton to perform non-styling services while not equitably assigning non-African Americans to such services, her continued assignment to lessor paying services and scheduling her to work fewer hours than her non-African American co-workers.

18. The effect of the practices complained of above has been to deprive Melton of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or color and in retaliation because she opposed the discriminatory treatment she received.

19. Melton is entitled to an award of back pay, punitive and compensatory

damages including lost wages, and damages for embarrassment, humiliation, garden variety mental and emotions distress, all in an amount to be proven at trial.

## COUNT I
### (42 U.S.C. § 1981 – Race Discrimination & Harassment)

20.    Plaintiff hereby realleges and incorporates all allegations set forth above.

21.    42 U. S. C. §1981 prohibits racial discrimination in the making and enforcement of contracts.

22.    At all relevant times, Melton was a member of a protected class under 42 U.S.C. §1981 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

23.    As detailed herein, Defendant subjected Melton to intentional racial discrimination in the terms and conditions of her employment and in so doing, Defendant denied Melton the opportunity to "enforce" and receive the benefits of her employment contract because of her race, in violation of Section 1981.

24.    As a direct and proximate result of Defendant's conduct, Melton has suffered damages including lost wages, embarrassment, humiliation, garden variety mental and emotions distress, all in an amount to be proven at trial and continues to suffer damages in amounts to be proven at trial.

## COUNT II
### (42 U.S.C. § 1981 – Retaliation)

25.    Plaintiff hereby realleges and incorporates all allegations set forth above.

26.    Despite Melton's complaints of discrimination, Defendant failed to promptly and effectively investigate the allegations of discrimination and harassment made by Melton.

27.     Defendant failed to take prompt, effective, remedial action to prevent Melton from further discrimination after she reported the unlawful conduct as they were required to do pursuant to Section 1981 pursuant to and Defendant's the policies and procedures.

28. As a direct and proximate result of Defendant's conduct Melton has suffered damages and will continue to suffer damages in amounts to be proven at trial.

29. Defendant's actions and/or inactions were committed intentionally and with reckless disregard of Melton's right to be free from the retaliation described above and to be further proved at trial, in violation of 42 U.S.C. § 1981.

30. Accordingly, Melton is entitled to both damages and equitable relief for the violation of her rights under 42 U.S.C. § 1981.

31. The conduct complained of above was reprehensible, reckless, intolerable and/or outrageous and was done in total conscious disregard of a substantial risk of significant harm to Melton that was likely to and did in fact result from said conduct.

32. As a direct and proximate result of Defendant's willful retaliatory conduct, Melton has been harmed in an amount to be proven at trial.

### **Title VII – Discrimination, Harassment & Retaliation**

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the paragraphs above.

34. Charmaine Melton is a "protected person" under Title VII of the Civil Rights Act of 1964, as amended, due to her race, African American.

35. As detailed herein, Melton suffered discriminatory treatment, in the terms and conditions of her employment and therefore was denied equal terms and conditions of employment including her compensation.

36. Defendant unlawfully retaliated against Melton on the basis of her prior activities in opposing discrimination.

37. As a direct and proximate result of Defendant's discrimination and retaliation Melton suffered damages including lost wages, embarrassment, humiliation, garden variety mental and emotions distress, all in an amount to be proven at trial.

38. Plaintiff is entitled to punitive damages as a result of Defendant's conduct.

### **DEMAND FOR JURY TRIAL**

39. Plaintiff hereby requests a jury trial.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court:

A. Order Defendant to make Plaintiff whole by providing appropriate lost wages with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

B. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful practices complained of above, including damages for emotional pain and suffering, including but not limited to anguish, distress, humiliation, embarrassment, anxiety and ordeal, in amounts to be determined at trial and damages for compensatory damages, including economic losses in amounts to be determined at trial.

C. Order Defendant to pay Plaintiff punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial.

D. Award Plaintiff her reasonable attorney's fees and costs;

E. An award to Plaintiff of pre-judgment interest and post-judgment interest; on any awards at the highest rate allowed by law; and

G. Such other and further relief as this Court deems just, appropriate and proper.

DATED this 12th day of May, 2021.

Kirtley Wells Law Office

By: /s/Patricia Kirtley Wells
Trisha Kirtley
4742 N. 24th Street, Suite 300
Phoenix, AZ 85016
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2021, I electronically transmitted the foregoing document to the Clerk's Office and defense using the ECF System for filing.

/s/Trisha Kirtley_____